# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINH DINH PHAM,<br><br>        Plaintiff,<br><br>    v.<br><br>SHERIFF OFFICER STARKEY, et al.,<br><br>        Defendants. | Case No. CV 16-05959 ODW (RAO)<br><br>ORDER ACCEPTING INTERIM REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed Plaintiff's two Motions to Amend, the proposed Second Amended Complaint, all of the other records and files herein, and the Interim Report and Recommendation of United States Magistrate Judge ("Report"). Further, the Court has engaged in a *de novo* review of those portions of the Report to which Plaintiff has objected. The Report sufficiently addresses the bulk of the arguments made by Petitioner in his Objections, but two of the arguments warrant a brief discussion.

Plaintiff asserts that he has done his best to comply with the Court's requirements and deadlines, but as a *pro se* litigant, he does not understand all requirements and he relies on assistance from Public Counsel. (Objections, Dkt. No. 62 at 1-3, 8.) He states that he did not know about the discovery deadline, the

*pro se* clinic did not mention a deadline, and there are many documents that he needs to read. (*Id.* at 2-3.) Plaintiff also asserts that he has problems with his memory, and his "limited ability and obstacles and mental illness and medicines" make him forget things. (*Id.* at 2.) He states that any missing information or missed deadlines are "beyond [his] capacity and knowledge" and it was "not [his] intention[] at all" to miss a discovery deadline. (*Id.* at 3; *see id.* at 8.)

First, Plaintiff's objections based on his *pro se* status and lack of legal knowledge are unconvincing. Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972), *pro se* litigants must comply with the same procedural standards as represented litigants, *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46, 95 S.Ct. 2525, 2541 n.46, 45 L.Ed.2d 562 (1975)).

Second, Plaintiff's mere assertions of memory issues and forgetfulness, without more, do not establish good cause to modify the scheduling order. As discussed in the Report, Rule 16(b)'s "good cause" requirement focuses on the diligence of the party seeking to amend. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). As Plaintiff notes, throughout the course of this litigation, he has been able to meet other deadlines and requirements. (*See* Objections at 3.) Although Plaintiff directs the Court to evidence that he previously submitted with his filings (Objections at 5-6, 9-10), none of this evidence supports a finding of ongoing memory issues (*see* Dkt. No. 32 at 15-54[1]). Plaintiff's unsupported assertions of memory issues fail to establish good cause to modify the scheduling order. *See Magers v. Jones*, No. 2:14-CV-

---

[1] This document is not consecutively paginated. For ease of reference, the Court sues the page numbers automatically generated by the Court's electronic filing system.

1184-GEB-EFB, 2015 WL 925655, at *3 (E.D. Cal. Feb. 26, 2015) (a moving party's "conclusory and unsupported assertions of diligence do not satisfy her burden to demonstrate precisely what she did that she opines constitutes diligence under the circumstances").

Accordingly, the Court is not persuaded by Plaintiff's Objections. The Court hereby accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

IT IS ORDERED that Plaintiff's Motions to Amend are DENIED.

DATED: 1-3-18

OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE